IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Maceo Sandy Scott, Jr., | ) | C/A No.: 3:19-909-JMC-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER AND NOTICE |
| Dutch Fork Magistrate; and Melvin Wayne Maurer, Magistrate Judge, | ) | |
| Defendants. | ) | |

Maceo Sandy Scott, Jr. ("Plaintiff"), proceeding pro se and in forma pauperis, filed this civil action alleging violations of his constitutional rights by Dutch Fork Magistrate and Magistrate Judge Melvin Wayne Maurer (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual Background

Plaintiff alleges on December 18, 2009, he was arrested on charges of providing false information to police and for malicious injury to real property. [ECF No. 1 at 5]. He states he appeared before the Dutch Fork Magistrate on March 25, 2010. *Id.* Plaintiff claims he requested a jury trial and to have a

lawyer present, but the judge entered a guilty plea against him and sentenced him to time in the county jail. *Id*. Plaintiff requests these charges be removed from his record and requests monetary damages for false imprisonment. *Id*.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the

2

plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts setting forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Judicial Immunity

It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Judge Maurer

relate to Judge Maurer's judicial actions,[1] he is entitled to absolute immunity.

　　　　2.　　　Dutch Fork Magistrate is not a "Person"

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Although Plaintiff named "Dutch Fork Magistrate," he appears to be attempting to sue the Dutch Fork Magistrate Court.[2] However, this defendant is not a "person" subject to suit under § 1983. A judicial court is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through

---

[1] Plaintiff makes no specific allegations against Judge Maurer, but the court assumes he is referring to Judge Maurer in his allegations against the judge.
[2] To the extent Plaintiff attempts to sue a judge, the undersigned's analysis of judicial immunity applies.

4

which city government fulfills policing functions). Accordingly, Plaintiff's claims against the Dutch Fork Magistrate is subject to summary dismissal.

        3.    *Heck* bars Plaintiff's claims related to his conviction and sentence

Plaintiff's complaint seeks monetary damages and injunctive relief related to his conviction and sentence. [ECF No. 1]. Such a claim, however, is barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. In addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

5

This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). The preclusive rule in *Heck* likewise bars declaratory and injunctive relief if a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding *Heck* bars declaratory judgment action challenging validity of state criminal conviction); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), abrogated on other grounds by *Skinner v. Switzer*, 131 S. Ct. 1289, 1298–1300 (2011).

If Plaintiff were successful on his claims against Defendants, it would imply the invalidity of his conviction and sentence. As Plaintiff fails to demonstrate he has successfully challenged his state convictions and/or sentences, his claims are barred by *Heck.*

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by April 25, 2019, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files

an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

April 11, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge